IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

QUINTON MARASTON,

              Plaintiff,

                                    CIVIL ACTION
    vs.                                No. 05-3083-SAC

RANDALL HENDERSON, et al.,


              Defendants.


ORDER


    This matter is before the court on a civil rights action
filed pursuant to 42 U.S.C. 1983.  Plaintiff, proceeding pro
se, commenced this action while incarcerated at the Wyandotte
County Detention Center, Kansas City, Kansas.

    By an earlier order, the Honorable G. T. VanBebber
directed plaintiff to supplement the record with an explana-
tion of his use of the grievance procedure.  Plaintiff filed
responses (Docs. 4-6).  The matter was transferred to the
undersigned on June 4, 2005, and the court has examined the
entire record.

    The Prison Litigation Reform Act of 1996 established that
"No action shall be brought with respect to prison conditions

under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."   42 U.S.C. 1997e(a); see also Porter v. Nussle, 534 U.S. 516, 524-25 (2002).

Section 1997e(a) requires the "total exhaustion" of claims, meaning that where a prisoner brings an action containing multiple claims arising from prison conditions, the action must be dismissed if the prisoner has failed to exhaust administrative remedies on any of the claims. Ross v. County of Bernalillo, 365 F.3d 1181, 1188-89 (10th Cir. 2004).  The burden is on the prisoner to establish exhaustion, either by supplying  documentation of exhaustion or by describing with specificity all efforts to use the prison grievance. Steele v. Fed. Bureau of Prisons, 355 F.3d 1204, 1209-10 (10th Cir. 2003), cert. denied, 125 S.Ct. 344 (2004).

The original complaint in this action (Doc. 1) identifies three claims for relief: Count 1 alleges a violation of the Eighth Amendment by the denial of medical treatment for a scraped knee and scratches on both arms; Count 2 alleges a violation of the Fourteenth Amendment by the denial of medical attention in retaliation for plaintiff's legal pursuits; and

2

Count 3 alleges a violation of the Eighth Amendment by an attack on plaintiff by jail employees.

The court has examined the numerous grievance materials submitted by the plaintiff and finds no grievance addressing the claim of retaliatory conduct by jail employees.  Because the claim of retaliation has not been presented through the administrative grievance procedure, the court concludes this matter must be dismissed.  See Ross, 365 F.3d at 1189 ("the presence of unexhausted claims in [a prisoner's] complaint require[s] the district court to dismiss his action in its entirety without prejudice.")

IT IS, THEREFORE, BY THE COURT ORDERED this matter is dismissed without prejudice due to plaintiff's failure to exhaust all claims by use of the administrative grievance procedure.

IT IS FURTHER ORDERED plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) is denied as moot.

A copy of this order shall be transmitted to the plaintiff.

**IT IS SO ORDERED.**

Dated at Topeka, Kansas, this 25th day of October, 2005.

```
S/ Sam A. Crow
SAM A. CROW
United States Senior District Judge
```